IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2158-BO

DEBBIE G. CATON, )
aka, DEBBIE GARVICK, )
      Petitioner, )
)
v. ) ORDER
)
UNNAMED RESPONDENT, )
(TIM KIMBLE), )
      Respondent. )

Debbie G. Caton petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment (D.E. # 11). Petitioner thereafter filed a one page "Declaration (D.E. # 14)." The motion is ripe for determination.

Background

On April 1, 2008, in the Superior Court of Pamlico County, petitioner entered into an Alford plea on charges of voluntary manslaughter and felony obstruction of justice.[1] She was sentenced to a term of 117 - 150 months' imprisonment on the charge of voluntary manslaughter and 11 - 14 months on the charge of felony obstruction of justice charge. Kirby Smith appeared as counsel. He also noticed an appeal which was dismissed on October 15, 2008.

On July 15, 2009, petitioner dated a pro se motion for appropriate relief (MAR) and filed it in the Superior Court of Pamlico County. On July 30, 2009, the MAR was summarily denied. On September 10, 2009, petitioner filed a pro se certiorari petition in the North Carolina Court of

---

[1] The plea was entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), wherein "a defendant may enter a guilty plea containing a protestation of innocence when the defendant intelligently concludes that a guilty plea is in his best interest and the record contains strong evidence of actual guilt." State v. Rowsey, 343 N.C. 603, 616, 472 S.E.2d 903, 909 (1996) (citing Alford, 400 U.S. at 37-39).

Appeals which was denied on September 28, 2009. On December 8, 2009, petitioner dated this pro se federal habeas application.

## CLAIMS

Liberally construing the petition, the court characterizes petitioner's issues as follows: 1) false arrest; 2) unconstitutional failure to disclose favorable evidence; 3) unlawfully induced, unknowing, and involuntary plea; and 4) ineffective assistance of trial counsel.

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court's review is governed by 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

2

Case 5:09-hc-02158-BO Document 15 Filed 01/06/11 Page 2 of 7

indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Id.

B. Application

The court shall first consider whether the plea was unlawfully induced, unknowing, and involuntary as argued by petitioner. The Supreme Court in accordance with Boykin v. Alabama, 395 U.S. 238 (1969), requires a guilty plea to be voluntary, informed, and intelligent. A guilty plea is unacceptable if the defendant does not comprehend the constitutional protections to which he/she is entitled and the charges lodged against him/her. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). Absent extraordinary circumstances, the solemn in-court representations of a defendant should be deemed conclusive. Little v. Allsbrook, 731 F.2d 238, 240 n.2 (4th Cir. 1984); Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981). The United States Supreme Court has likewise held that the representations made by a defendant at the plea hearing present formidable barriers to habeas corpus relief. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

On April 1, 2008, the transcript of plea form indicates the following colloquy. Petitioner could hear and understand the Judge Jack W. Jenkins. Petitioner understood she had the right to remain silent and that any statement she made could be used against her. On the morning of the hearing, she was not under the influence of intoxicants, other than having taken the prescription

3

medication Prozac. The criminal charges against her had been explained by her lawyer, she understood the nature of the charges, the elements of the charges, and the possible defenses to the charges. She was satisfied with her lawyer's legal services. She understood her right to plead not guilty and to be tried by a jury and that in entering a plea she was giving up these and other valuable constitutional rights to a jury trial. She further asserted her understanding that if she was not a citizen of the United States, her plea might result in deportation. She was entering into an Alford plea of guilty which would be treated as a plea of guilty whether or not admitting that she was in fact guilty. The terms of the plea were that she plead guilty on a bill of information to one count of voluntary manslaughter and one count of felony obstruction of justice, that a class D felony was dismissed, that she stipulated to a Level IV offender, and that the sentencing was left to the court's discretion. This was the full plea agreement, not done with any additional promises or threats, and petitioner entered the plea of her own free will, fully understanding what she was doing, and had no additional questions for the court or her attorney. No compelling circumstances have been argued, and petitioner's solemn in court representations should be deemed conclusive. See Via, 643 F.2d at 171. Furthermore, petitioner's lawyer and the prosecutor signed the printed transcript of plea form certifying its contents were correct.

As for petitioner's claims involving her false arrest, the State's failure to turn over evidence, and her allegations that she was abused, raped, and intoxicated at the time of the crime for which she entered into the Alford plea, these claims fail. A guilty plea represents a break in the chain of events which had preceded it in the criminal process. Tollett v. Henderson, 411 U.S. 258, 267 (1973). A guilty plea made intelligently and voluntarily with the advice of competent counsel effects a waiver of all antecedent non-jurisdictional defects. Id. ("when a criminal

4

medication Prozac. The criminal charges against her had been explained by her lawyer, she understood the nature of the charges, the elements of the charges, and the possible defenses to the charges. She was satisfied with her lawyer's legal services. She understood her right to plead not guilty and to be tried by a jury and that in entering a plea she was giving up these and other valuable constitutional rights to a jury trial. She further asserted her understanding that if she was not a citizen of the United States, her plea might result in deportation. She was entering into an Alford plea of guilty which would be treated as a plea of guilty whether or not admitting that she was in fact guilty. The terms of the plea were that she plead guilty on a bill of information to one count of voluntary manslaughter and one count of felony obstruction of justice, that a class D felony was dismissed, that she stipulated to a Level IV offender, and that the sentencing was left to the court's discretion. This was the full plea agreement, not done with any additional promises or threats, and petitioner entered the plea of her own free will, fully understanding what she was doing, and had no additional questions for the court or her attorney. No compelling circumstances have been argued, and petitioner's solemn in court representations should be deemed conclusive. See Via, 643 F.2d at 171. Furthermore, petitioner's lawyer and the prosecutor signed the printed transcript of plea form certifying its contents were correct.

As for petitioner's claims involving her false arrest, the State's failure to turn over evidence, and her allegations that she was abused, raped, and intoxicated at the time of the crime for which she entered into the Alford plea, these claims fail. A guilty plea represents a break in the chain of events which had preceded it in the criminal process. Tollett v. Henderson, 411 U.S. 258, 267 (1973). A guilty plea made intelligently and voluntarily with the advice of competent counsel effects a waiver of all antecedent non-jurisdictional defects. Id. ("when a criminal

defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (same). Because petitioner entered a valid guilty plea, she may not now challenge antecedent non-jurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. at 261-67; United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir.2005); United States v. DeVaughn, 73 F. App'x 627, 628 (4th Cir.2003) (citing Tollett).

Therefore, the court, having just determined the plea was knowing and voluntary, need only now address the claim of effectiveness of counsel. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 686-88 (1984). First, a petitioner must show that the representation she received fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. The court, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a petitioner must prove he/she was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner's sworn statements are binding in the absence of "clear and convincing evidence to the contrary." Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Here, petitioner's conclusory allegations do

5

not overcome this "formidable barrier" created by her sworn statements in the transcript of plea. Blackledge, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ."). Petitioner has failed to show that the representation she received fell below an objective standard of reasonableness or prejudiced her defense. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 686-88.

As stated above, a plea made intelligently and voluntarily with the advice of competent counsel effects a waiver of all antecedent non-jurisdictional defects. Tollett, 411 U.S. at 267 ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Willis, 992 F.2d at 490 (same). Therefore, petitioner's claims of false arrest, the State's failure to turn over evidence, and her allegations of her abuse, rape, and intoxication at the time of the crime for which she entered into the Alford, plea, are denied and waived as antecedent non-jurisdictional defects.

Accordingly, the state court's affirmation, albeit summary, of numerous issues including the validity of the guilty plea, a holding of effective assistance of trial counsel, as well as dismissal of the claims involving her rape and intoxication at arrest, false arrest, evidence issues, duress, and probable cause, were not contrary to nor involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

Accordingly, respondent's motion for summary judgment is ALLOWED (D.E. # 8), and the matter is DISMISSED as to all claims. All of petitioner's filings have been considered by the court. Any pending motions (D.E. # 4) are DENIED as MOOT.

SO ORDERED, this 6 day of January 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7